IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shaoming Huang,<br><br>   Plaintiff,<br><br>v.<br><br>THE DEFENDANT IDENTIFIED ON SCHEDULE A,<br><br>   Defendant. | Case No. 26-cv-2454<br><br>**COMPLAINT** |

**COMPLAINT**

1. Plaintiff Shaoming Huang ("Plaintiff") hereby brings the present action against Defendants identified on Schedule A in Exhibit 1 attached hereto ("Defendants"). Plaintiff files this action against Defendants for the alleged infringement upon Plaintiff's registered patents No. US 11,939,786 B1 ('786 Patent), US D971,526 S ('526 Patent), and US D982,583 S ('583 Patent) (collectively, the "Asserted Patents") by having manufactured, importing, offering for sale, and selling products that copied the design of the Asserted Patents ("Infringing Products") through online commerce platforms ("Online Marketplaces"), in direct competition with the product sold by Plaintiff without authorization. In support of its claims, Plaintiff alleges as follows:

**I. JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a)-(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(b): Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants

solicit business and conduct and transact business in this judicial district. The evidence of Defendants conducting business and making sales in Illinois is attached as Exhibit 3.

4. This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce store operating under the seller alias identified on Schedule A attached hereto (the "Alias"). *See NBA Props. v. HANWJH*, 46 F.4th 614, 617 (offering and shipping a product to the forum via interactive website makes an entity subject to personal jurisdiction of Illinois).

5. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores on online platforms. *See* Exhibit 3. On information and belief, Defendant has sold products using Plaintiff's patented design to residents of Illinois and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. THE PARTIES

6. Plaintiff Shaoming Huang (a.k.a. William Huang) is an individual businessman.

7. Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, upon information and belief, reside or operate in foreign jurisdictions and manufacture, distribute, import, offer for sale, and/or sell products, including Defendants' Products, from the same or similar sources in those foreign locations. As stated above, Defendants and aliases are identified in Schedule A attached in Exhibit 1 and incorporated here. Plaintiff is still investigating the issue and may amend Schedule A in the future.

8. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

### III.   GENERAL FACTS

9. Plaintiff is the owner of the Asserted Patents, which, together, compromise a set of tents for pets.

10. The '526 Patent was the earliest idea of Plaintiff among the Asserted Patents. It was the prototype of subsequent inventions, and filed on August 23, 2021, issued on November 29, 2022. During the time, Plaintiff filed the application of '853 Patent on September 1, 2022, continuation-in-part of the '526 Patent, and it was issued on April 4, 2023. A copy of the certificates of the two patents is included in Exhibit 2. Declaration of Shaoming Huang ("Huang Decl."), ¶ 3-5.

11. To better protect the invention from being infringed, Plaintiff integrated the ideas and combined them into the '786 Patent. It was filed on August 21, 2023 and issued on March 26, 2024. As a utility patent, it entails previous two design patents, and effectively covers Plaintiff's general idea on pet tents. A copy of the certificate of the '786 Patent is included in Exhibit 2. Huang Decl., ¶ 3-5.

12. The Asserted Patents are a set of design of pet tents to be used to let pets play with it. The tents were specifically designed to let pets to climb and are capable of being freely assembled among the modules. Huang Decl., ¶ 4.

13. Plaintiff has discovered that Defendants were promoting, advertising, marketing, distributing, offering for sale, and selling infringing products with design of the Asserted Patents. Huang Decl., ¶ 6.

14. Plaintiff has tried other means to counter the infringers and made complaints to online platforms, but eventually failed and need to resort to legal means. Huang Decl., ¶ 6-7.

## IV. DEFENDANTS' UNLAWFUL CONDUCTS

15. Defendant's infringement of the Asserted Patents is irreparably harming Plaintiff. Defendants' Patent Infringement includes (1) direct infringement, (2) indirect infringement, and/or (3) offers to sell infringing products. Plaintiff has not granted any license or otherwise authorized any Defendant in this action to manufacture, distribute, import, offer for sale, and/or sell Defendants' Products.

16. Defendants' products are (1) substantially identical to each other and the same as the design patents of Plaintiff ('526 Patent and '786 Patent); and (2) substantially identical to Plaintiff's product such that consumers are likely to be confused.

17. Meanwhile, Defendants' products have components that are the same as described in '786 Patent, and infringed at least claim 1 of it. The Infringing Products have the tent modules, channel modules, and zipper assemblies arranged to connect them.

18. Even if Defendants' products are not identical to descriptions in '786 patent, the doctrine of equivalents provides the cause of action. The doctrine of equivalents aims to "prevent

4

competitors from pirating the essence of an invention while narrowly avoiding the literal language of the claims" and may be invoked by the plaintiffs at trial. *Laitram Corp. v. Cambridge Wire Cloth Co.*, 863 F.2d 855, 856-57 (Fed. Cir. 1988). Even if the products are not identical, infringement occurs if the accused product performs the same function, in the same way, to achieve the same result as the patented invention. In the present case, Plaintiff's patented invention is a set of tents for pets to play that contains tent modules and channels that could be freely assembled with the zippers. Defendants' products play the same function in the same way and achieved the same result as the invention, and infringement occurs consequentially.

19. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

20. Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. *See* 35 U.S.C. § 299(a).

21. "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015). Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, the accused products look substantially the same as Plaintiff's product, from the online advertisements to the product itself. This illustrates that the Defendants (and the accused products) have been properly joined under 35 U.S.C. § 299(a).

5

22. Defendants' importation, offering for sale, and/or selling Defendants' Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendants are importing, offering to sell, and selling products believed to be made by several major manufacturers, the identities of which are unknown to Plaintiff and concealed by Defendants. For example, Defendants' listings for Defendants' Products do not identify the true manufacturer of the Infringing Products but, rather, misleadingly identify the seller as the "manufacturer" or just leave blank, deceiving the consuming public as to the source of the goods sold (and preventing Plaintiff from identifying the party responsible for the manufacture of Defendants' Products).

23. Defendants are not licensees to the Asserted Patents, pay no royalties on sale of Defendants' Products, and cause price erosion through the sale of Defendants' Products to Plaintiff's detriment.

24. The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' patent infringement in the United States, including in this judicial district.

25. This Complaint sets forth claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271.

26. Defendants, through their patent infringement, are directly and unfairly competing with Plaintiff's economic interest and causing harm in the United States, including without limitation within the state of Illinois.

27. Defendants are acting knowingly and intentionally or at least with reckless disregard or willful blindness to Plaintiff's rights in the Asserted Patents.

28. If Defendants' Patent Infringement is not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

## COUNT I

### Infringement of the Asserted Patents 35 U.S.C. § 271

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Plaintiff is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to produce relative products, and to earn profits based on the Asserted Patents.

31. Defendants have infringed Plaintiff's Asserted Patents by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

32. Defendants have profited by their infringement of the Asserted Patents, and Plaintiff has suffered actual harm as a result of Defendants' infringement. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

33. Defendants have infringed the Asserted Patents and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

34. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, which in no event less than a reasonable royalty for Defendants' infringement of the Asserted Patents, together with interest and costs. *See* 35 U.S.C. § 284.

35. Pursuant to 35 U.S.C. §289, Plaintiff also seeks the remedy to the extent of Defendants' total profit from the Infringing Products for infringing Plaintiff's design patents.

36. Defendants' direct and indirect infringement of the Asserted Patents has injured Plaintiff and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, importation, offer for sale, and sale of Defendants' Products in the United States.

37. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained as a result of Defendants' unlawful actions as alleged herein, enhanced discretionary damages, and reasonable attorneys' fees and costs.

38. To the extent Defendants' Products did not literally infringe the Asserted Patents, Plaintiff contends that Defendants' Products infringed under the doctrine of equivalents as argued above because Defendants' Products performed substantially the same function in substantially the same way to obtain the same result as one or more claims of the Asserted Patents. is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to produce products, and to gain profit from the Asserted Patents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that include any reproduction, copy or imitation of the design claimed in the Asserted Patents;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Patents; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including any online marketplace platforms (the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the Asserted Patents;

(3) That Plaintiff be awarded such damages proven at trial against Defendant.

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated March 5, 2026.

Respectfully submitted
By: /s/ *Yifeng Hao*
Bar No. 63832
Phone: 909-284-1929
2108 N ST STE #8330
Sacramento, CA 95816
Terence.hao@aliothlaw.com
*Attorney for Plaintiff*